1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD WALLACE,

11              Plaintiff,                    No. 2:12-cv-02018 TLN DAD P

12        vs.

13   BRUCE JONES, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state parolee proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20   **I.  In Forma Pauperis Application**

21              Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.  Because plaintiff is no longer in custody, the court will not issue an order for periodic

24   payments of the filing fee by the Solano County Jail.

25   /////

26   /////

1

## II.  Screening Requirement

The court is required to screen complaints brought by prisoners and parolees seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
/////

**III.  Plaintiff's Complaint**

In his complaint plaintiff contends that:  (1) defendant Unit Supervisor Jones has "illegally imposed special conditions of parole that do not relate to the crime in which I am convicted;" (2) defendant parole agents Bastista and Amaro conducted illegal parole searches of plaintiff's residence; (3) he has been "illegally placed in the highest control supervision category;" (4) defendant Jones refused to assign him to a parole agent who will assist his transition into the community; (5) defendant Amaro has failed to perform his duties as a parole officer by denying plaintiff "adequate substance abuse treatment," case reviews and legal forms, altering plaintiff's "parole field file," subjecting plaintiff to threats during urine testing, and failing to assist plaintiff with obtaining employment, transportation, clothing, food and shelter; and (6) defendants have falsified reports and refused to amend or correct information in the parole field file and prison C-file.  (Doc. No. 1 at 3-4.)

In terms of relief, plaintiff seeks (1) a court order to remove the special conditions of parole, to obtain a "non-revocable parole," to correct or amend his C-file and parole field file, and to be assigned a parole agent who is not Latino or Mexican-American, and (2) monetary damages of  $7,000,000 and $500,000 for pain and suffering.  (Doc. No. 1 at 3.)  Plaintiff also asks that his "parole status be placed on injunctive hold until a thorough investigation be administered by the order of the court[.]"  (Id. at 4.)

**IV.  Leave to Amend**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

1   8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an

2   amended complaint.

3           If plaintiff chooses to file an amended complaint, he must allege therein facts

4   demonstrating how the conditions complained of resulted in a deprivation of his federal

5   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any

6   amended complaint must allege in specific terms how each named defendant was involved in the

7   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

8   some affirmative link or connection between a defendant's actions and the claimed deprivation.

9   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

10  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

11  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

12  F.2d 266, 268 (9th Cir. 1982).

13          Plaintiff is informed that the court cannot refer to a prior pleading in order to

14  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20  **V.  Curing Deficiencies**

21          A.  Illegally Imposed Parole Conditions

22          Plaintiff claims that he has been subjected to illegal parole conditions including

23  parole searches and urine testing.  He seeks a court order to remove the conditions of parole and

24  to grant plaintiff "non-revocable parole."  (Doc. No. 1 at 4.)  There appears to be a split in

25  authority as to whether plaintiff may challenge the conditions of his parole in a § 1983 action or

26  must do so only through a habeas action.  See Snell v. Brown, No. CV 12-6118 GAF (AJW),

4

1  2013 WL 1181449, at *3 (C.D. Cal. Jan. 7, 2013) (finding that several district courts have

2  followed the Seventh Circuit in concluding that a challenge to conditions of parole must be

3  brought by means of a habeas petition while other district courts within the Ninth Circuit have

4  concluded that parole conditions are analogous to a suit challenging prison conditions under §

5  1983), report and recommendation adopted by 2013 WL 753494 (C.D. Cal. Feb. 26, 2013).  In

6  any amended complaint he elects to file, plaintiff must at the very least provide clarification as to

7  the specific conditions that he believes are unconstitutional, keeping in mind that parolees are

8  legally subjected to conditions that restrict their activities beyond the ordinary restrictions

9  imposed on individual citizens.  Id. (citing Morrissey v. Brewer, 408 U.S. 471, 478 (1972)).

10        B.  Failure to Perform the Duties of a Parole Officer

11              Plaintiff contends that defendants failed to assist him with obtaining substance

12  abuse treatment, employment, transportation, clothing, food, and shelter.  Although the state

13  must provide constitutionally adequate food, clothing and shelter for incarcerated prisoners, there

14  is no duty for parole officers to ensure that parolees obtain public assistance, housing or medical

15  care.  See Cady v. Becarri, No. CV 12-0084-M-DLC-JCL, 2012 WL 6048729, at *4 (D. Mont.

16  Aug. 23, 2012) (citing DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189

17  (1989) as specifically holding that parole officers have no duty to provide housing, mental health,

18  medica care, etc.).  Accordingly, this claim should not be included in any amended complaint

19  plaintiff may elect to file.

20        C.  False Report

21              In his original complaint plaintiff has failed to allege sufficient facts in support of

22  this claim and, therefore, the court is unable to determine whether there is a cognizable

23  constitutional claim that could be alleged in this regard.  In any amended complaint he elects to

24  file, plaintiff must identify the specific report he challenges, explain what information therein is

25  false, and explain how he has been harmed by the allegedly false report.

26  /////

1   D.  Prayer for Relief

2          Plaintiff seeks several forms of relief that are beyond the authority of this court.

3  The court cannot modify a state court order to make his parole "non-revocable."  (Doc. No. 1 at

4  4.)  In addition, there is no authority for the proposition that this court is authorized to issue an

5  order requiring that plaintiff be assigned to a parole agent who is not Latino or Mexican-

6  American.  Such relief should not be requested in any amended complaint plaintiff may elect to

7  file in this action.

8  **VI.  Conclusion**

9          For the reasons set forth above, IT IS HEREBY ORDERED that:

10          1.  Plaintiff's August 1, 2012 application to proceed in forma pauperis is granted.

11          2.  Plaintiff's complaint is dismissed.

12          3.  Plaintiff is granted thirty days from the date of service of this order to file an

13  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

14  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

15  docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must

16  use the form complaint provided by the Clerk of the Court; failure to file an amended complaint

17  in accordance with this order will result in a recommendation that this action be dismissed

18  without prejudice.

19          4.  The Clerk of the Court is directed to provide plaintiff with the court's form

20  complaint for a § 1983 action.

21  DATED: May 17, 2013.

22

23  _Dale A. Drozd_
    _____
24  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE
25  DAD:4
    wall2018.14
26

6